LOUISVILLE VENEER MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10180.   Promulgated July 16, 1928.

*R. S. McGlassen, C. P. A.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The only question presented in this case is whether the statute of limitations prescribed by the Revenue Act of 1918 or the statute of limitations prescribed by the Revenue Act of 1921 controls the assessment and collection of the deficiency.  The Reve-

nue Act of 1921 was passed November 23, 1921, and the return in this case was filed September 14, 1921. It is contended by the respondent that, since the return was filed prior to the passage of the 1921 Act, it could not be a return under that Act and consequently it must necessarily be a return under the 1918 Act and controlled by the statute of limitations prescribed in the latter Act.

The Board has already considered this question in a number of cases and decided the same adversely to the contention of the respondent. *Fred T. Ley & Co.*, 9 B. T. A. 749; *M. Brown & Co.*, 9 B. T. A. 753; *Keystone Coal & Mining Co.*, 10 B. T. A. 295; *Palmetto Coal Co.*, 11 B. T. A. 154; and *White House Leather Products Co.*, 12 B. T. A. 714.

Under the authority of those cases we hold that the statute of limitations prescribed by the Revenue Act of 1921 is applicable to the return filed by this petitioner for the fiscal year ending June 30, 1921, and, since the deficiency letter was mailed more than four years after the filing of the return, that the assessment and collection of the deficiency is barred. Accordingly, there is no deficiency.

The motion of the respondent made at the hearing is denied.

> *Judgment of no deficiency will be entered for the petitioner.*